UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antoine Y. El Hani and
Shane Williams,

Petitioners,

v.

Rob Mundt, Warden,
FCI-Waseca,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-819 ADM/JMM

---

## INTRODUCTION

Petitioner El Hani's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1], and Petitioner Williams' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Prior Civil No. 01-862 PAM/JMM, Doc. No. 1], were consolidated by an Order dated August 14, 2001 [Doc. No. 11]. Affiliated prison discipline precipitated the two Petitions. This matter is now before the undersigned United States District Judge pursuant to Petitioner El Hani's Objections [Doc. No. 14] to the August 14, 2001 Report and Recommendation ("R&R") of Magistrate Judge John M. Mason [Doc. No. 12]. In the R&R, Judge Mason recommends that the Petitions for Writ of Habeas Corpus be denied and the matter be dismissed with prejudice.

## DISCUSSION

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Petitioners' present objections. In reviewing objections to a R&R, a district court must make an independent, *de novo* evaluation of those portions of a R&R to which objection is made and may accept, reject, or modify, in whole or in

FILED OCT 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 16 2001
DEPUTY CLERK

part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Local Rule 72.1(c)(2). For purposes of habeas corpus review, a federal court must determine whether a person is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241.

This matter arises from Petitioners' disciplinary loss of good time credits following the discovery of a makeshift weapon in their room at FCI-Waseca. Because statutory good time credits constitute "liberty" interests under the Due Process Clause, prisoners may not be deprived of such credits without minimum procedures appropriate under the circumstances to insure that the credits are not arbitrarily revoked. *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). The nature of prison disciplinary proceedings compels the courts to give wide latitude to prison officials regarding the manner in which they conduct such proceedings because they "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561; *accord Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994). The minimum procedural safeguards[1] set forth in *Wolff* were provided at Petitioners' hearings.

Due process further requires that the findings of the Disciplinary Hearing Officer ("DHO") must be supported by "some evidence" in the record. *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985). This standard is satisfied if "there was some

---

[1] *Wolff* held that an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

evidence from which the conclusion of the [DHO] could be deduced." *Id.* at 455; *accord Ryan v. Sargent,* 969 F.2d 638, 640 (8th Cir. 1992). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. A modicum of evidence to support the DHO's decision to revoke good time credits is sufficient. *Id.*

If there is conflicting evidence presented to the DHO, its decision must be based on the "greater weight of the evidence." *See* 28 C.F.R. § 541.17(f). In this case, Petitioners have presented no conflicting evidence to trigger the "greater weight of the evidence" standard. Petitioners' denials of wrongdoing do not constitute conflicting evidence. Petitioners failed to present exculpatory evidence that conflicted with the DHO's findings.

Even if there was conflicting evidence in this case, the DHO's disciplinary findings were based on the greater weight of the evidence presented at the hearings. The evidence included the "Incident Report" describing the discovery of the weapon in Petitioners' room. *See* DHO Report Re: El Hani; DHO Report Re: Williams. El Hani and Williams are two of four inmates who shared the room in which the weapon was discovered. The DHO held Petitioners responsible for the weapon based on constructive possession. *See Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992); *Mason v. Sargent,* 898 F.2d 679, 680 (8th Cir. 1990).

Petitioners were not denied due process of law under these circumstances. The DHO's decision to revoke good time credits was based on sufficient evidence. Petitioners' request for a Writ of Habeas Corpus is denied.

## CONCLUSION

Based upon the Report and Recommendation of Judge Mason and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation [Doc. No. 12] is adopted in its entirety.

(2) Petitioners' Petitions for Writ of Habeas Corpus [Doc. No. 1] are **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.